Kenneth A. Plevan
Limor Robinson
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Plaintiff Citigroup Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- x

CITIGROUP INC.,                              :

                Plaintiff,            :

   - against -                              :   08 Civ. _____ ( ___ )

                                      :

VDN SYSTEMS, INC.;
CITI.NET, INC.; and                          :
TRUC V. TRAN,
                                      :

                Defendants.           :
-------------------------------- x

## COMPLAINT

Plaintiff Citigroup Inc. ("Citigroup"), by its attorneys Skadden, Arps, Slate, Meagher & Flom LLP, for its Complaint against defendants VDN Systems, Inc., Citi.net, Inc. and Truc V. Tran (also known as "Curt Tran"), alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

## NATURE OF THE LAWSUIT

1. This is an action alleging cybersquatting under the Lanham Trademark Act of 1946, as amended, Title 15, United States Code, §§ 1051, et seq. ("Lanham Act"), relating to Citigroup's rights in the world-famous CITI marks.

2. The domain name at issue herein is "Citi.net" (the "Domain Name").

## PARTIES

3. Plaintiff Citigroup is a Delaware corporation with its principal place of business at 399 Park Avenue, New York, New York. It is one of the largest and most renowned banking and financial services institutions in the United States and throughout the world.

4. Defendant VDN Systems, Inc. ("VDN") is a Virginia corporation.

5. According to VDN's website, accessible at www.vdnsystems.com, VDN maintains offices at 8300 Boone Boulevard, Suite 500, Vienna, Virginia 22182. Other publicly available information indicates that VDN has offices at 8150 Leesburg Pike, Suite 400, Vienna, Virginia 22182.

6. Records of the State Corporation Commission of the Commonwealth of Virginia disclose that VDN's former name was Computer Information Technology, Inc. ("Computer Information"), and that the latter's name was changed to VDN on November 18, 1999.

7. Records of the State Corporation Commission of the Commonwealth of Virginia disclose that Computer Information was incorporated on January 13, 1989. Its registered address is 6705 Cimmaron Street, Springfield, Virginia 22150.

8. Defendant Citi.net, Inc. ("Citi.net") is or was a Virginia corporation. Records of the State Corporation Commission of the Commonwealth of Virginia disclose that Citi.net is no longer registered as a Virginia corporation, as of approximately or earlier than September 30, 2002.

9. Records of the State Corporation Commission of the Commonwealth of Virginia disclose that Defendant Truc V. Tran ("Tran"), also known as Curt Tran, is a director of VDN.

10. Defendant Tran is a resident of the State of Virginia, and maintains a residence and/or office at 8150 Leesburg Pike, Suite 400, Vienna, Virginia 22182.

11. VDN's website identifies "Truc (Curt) Tran" as the contact person for inquiries relating to VDN. Tran is also the principal owner and officer of VDN.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the federal claim under 15 U.S.C. § 1121 (trademarks) and 28 U.S.C. § 1331 (federal question), § 1332 (diversity of citizenship), and § 1338(a) (trademarks and unfair competition).

13. Venue is proper in this District under 28 U.S.C. § 1391(b) because defendants solicit, transact, and are doing business within the State of New York and within this District, and are therefore subject to personal jurisdiction in this District.

## BACKGROUND

### Citigroup and Its Services and Marks

14. Citibank, N.A., a wholly-owned banking subsidiary of Citigroup, was originally chartered on June 16, 1812 under the banking laws of New York State as the "City Bank of New York."

15. Citigroup was formed on October 8, 1998 following the business combination between Travelers Group Inc. ("Travelers") and Citicorp. Citicorp was merged into Citigroup on or about August 1, 2005.

16. Citigroup, through its operating affiliates (collectively, the "CITI Affiliates"), offers a full range of financial and related services. As of December 31, 2007, the CITI Affiliates had over 200 million customer accounts worldwide.

17. The first use of a CITI mark was as early as 1897 when the "CITIBANK" mark was used to designate the bank's cable address.

18. By the 1970s, the CITI mark was chosen as Citicorp's primary designation because the general public and financial community had already referred to Citicorp by the coined term "THE CITI" and the name had naturally evolved into Citicorp's trademark and service mark.

19. The CITI mark (Reg. No. 1,181,467) for financial services was first federally registered on December 8, 1981, and thereafter became incontestable pursuant to 15 U.S.C. § 1065.

20. By the mid-1980s, if not earlier, Citicorp owned a nationally famous family of CITI service marks and trademarks (hereinafter, the "CITI Marks"), which since then has included such famous marks as CITI, CITICORP, CITIBANK, and CITIGROUP. Said family of marks continues to be nationally famous.

21. Citigroup, through the CITI Affiliates, offers under its family of CITI Marks a full range of financial and related services, including lending and financing services, mortgage services, insurance services, brokerage and investment services,

banking services, and credit card services, in all of the traditional channels of trade in which such services are offered.

22. Currently, Citigroup owns more than 100 federal registrations or applications in its family of CITI Marks, including, but not limited to, the following registrations:

| Reg. No. | Mark | Services |
|---|---|---|
| 691,815 | **CITIBANK** | Banking services |
| 982,066 | **CITICORP** | Numerous financial related services |
| 2,406,753 | CITIGROUP | Insurance and financial services, banking services, credit card services, securities trading, consulting and underwriting services, investment services |
| 2,884,721 | CITIGROUP GEO | Financial services; namely providing equity research, financial news, securities quotes and securities trading opportunities via a global computer network |
| 2,897,519 | CITIMORTGAGE | Commercial and consumer lending, mortgage brokerage and mortgage lending services |
| 2,951,903 | CITIFINANCIAL | Financial services, namely, consumer lending, credit and financing services; credit insurance services |
| 1,104,470 | **THE CITI NEVER SLEEPS** | Financial services, namely electronic banking services |
| 2,528,635 | CITITRADE | Financial services, namely, banking, credit card, investment consultation, analysis, and planning services; securities and insurance brokerage; underwriting annuities; securities trading services via a global computer network, via telephone and in person |
| 2,263,621 | **CITIBUSINESS** | Financial services, namely, banking, credit cards, investment consultation, analysis, and planning, securities and insurance brokerage, and underwriting annuities |

5

The highlighting in **bold** of certain of these CITI Marks indicates incontestable status under 15 U.S.C. §1065.

23. The family of CITI Marks represents enormous good will that belongs exclusively to Citigroup.

24. That Citigroup owns a family of CITI Marks, and that such marks are nationally famous, has been confirmed in judicial decisions, e.g. Citibank, N.A. v. Citibanc Group Inc., 724 F.2d 1540, 1547 (11th Cir. 1984); Citigroup Inc. v. City Holding Co., 171 F. Supp. 2d 333, 346 (S.D.N.Y. 2001); CIT Group, Inc. v. Citicorp, 20 F. Supp. 2d 775, 793 (D.N.J. 1998); Citibank, N.A. v. City Bank of San Francisco, 206 U.S.P.Q. 997, 1004 (N.D. Cal. 1980).

### DEFENDANTS' UNLAWFUL ACTIVITIES
### The Citi.Net Domain Name

25. According to current "WhoIs" search results, the Domain Name is registered to Citi.net, Inc., at an address of P.O. Box 3088, Merrifield, Virginia 22116.

26. According to current WhoIs search results, the administrative and technical contact for the Domain Name is defendant Tran, of Computer Information Technology, Inc., 8150 Leesburg Pike, Suite 400, Vienna, Virginia 22182.

27. According to current WhoIs search results, the registration record for the Domain Name was created on April 30, 1995.

### Tran's Disclosure to Citigroup of Plans to Transfer the Domain Name for Purposes Prohibited by the Agreement

28. Defendant Tran and Computer Information have had prior dealings with Citigroup's predecessor, Citicorp, the substance of which is confidential and will not be disclosed herein, pending authorization from the Court.

29. On or about July 16, 2008, defendant Tran initiated a conversation with a representative of Citigroup. In that conversation, Tran stated that he was in final negotiations to transfer the Domain Name to a company located in the Middle East.

30. In the July 16, 2008 conversation, Tran further stated that the prospective purchaser had plans to use the Domain Name to provide online banking services, and had requested Tran to join its efforts to develop that business.

31. In the July 16, 2008 conversation, Tran offered to sell the Domain Name to Citigroup, and further stated that various attorneys had advised him that he had the right to transfer the Domain Name for use in an online banking business.

32. On August 21, 2008, in a further conversation with the aforementioned Citigroup representative, Tran reiterated his plans to sell the Domain Name and rights to the CITI mark to a financial institution, this time adding that the transfer would include rights to the CITI mark.

33. During the August 21, 2008 conversation, Tran implied that he was in the process of setting up a separate entity that would own both the Domain Name and the rights associated with the Domain Name, which separate entity would in turn be sold to the prospective purchaser.

34. During the August 21, 2008 telephone conversation, Tran stated that he was not interested in further discussing with Citigroup a resolution of the Domain Name matter unless Citigroup offered him an amount of money for the purchase of the Domain Name ranging in the millions of dollars.

### Irreparable Harm to Citigroup

35. Defendant Tran's statements that he is in the final stages of planning to transfer the Domain Name to a third party, for the purpose of setting up a Middle-East-

7

based website for the provision of online banking services, if not enjoined will cause serious and irreparable harm to Citigroup. Among other things, use of the Domain Name by a third party for online banking services will inevitably cause significant trademark confusion and serious irreparable damage to the enormous good will that Citigroup has developed in its CITI mark and famous family of CITI Marks.

36. Citigroup has no adequate remedy at law.

## FIRST CLAIM
### (Cybersquatting Under Section 43(d) of the Lanham Act)

37. Citigroup hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 36 of this Complaint.

38. Defendants' threats to transfer the Domain Name to a third party for use in an online banking business, coupled with their demand for millions of dollars for the Domain Name and statements that Defendants' rights in the Domain Name extend to the use of the CITI mark for financial services, constitute a bad faith intent to profit from said Domain Name and to injure Citigroup.

39. Defendants' conduct complained of herein constitutes a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

40. Citigroup has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Citigroup respectfully requests judgment against defendants as follows:

A. Preliminarily enjoining Defendants, all of their respective subsidiaries, affiliates or divisions and their respective agents, servants, directors, principals, officers, employees, successors, assigns, and all those acting under their control

or the control of any of the aforementioned and/or on their behalf and/or in concert, from transferring the Citi.net Domain Name to any person, pending the final deposition of this lawsuit;

   B. Declaring that Citigroup owns all right, title and interest in and to the Citi.net Domain Name;

   C. Ordering a transfer to Citigroup of the Citi.net Doman Name and permanently enjoining Defendants from effectuating a transfer to any third party; and

   D. Ordering that Citigroup be awarded such other and further relief as the Court deems just and proper, including its costs (including attorney's fees) of this lawsuit.

Date: August 26, 2008       Respectfully submitted,

                /s/ Kenneth A. Plevan
                Kenneth A. Plevan
                Kenneth.Plevan@skadden.com
                Limor Robinson
                Limor.Robinson@skadden.com
                SKADDEN, ARPS, SLATE,
                 MEAGHER & FLOM LLP
                Four Times Square
                New York, New York 10036-6522
                Telephone: (212) 735-3000
                Facsimile: (212) 735-2000

                Attorneys for Plaintiff Citigroup Inc.